## PLACE OF TAXATION OF BONDS DEPOSITED WITH THE STATE TREASURER.

[Circuit Court of Hamilton County.]

NELSON A. SIMS, AS TREASURER, ETC., v. KATHERINA E. BEST ET AL.

Decided, April, 1903.

*Foreign Corporation—Residence of, for Purposes of Taxation—Bonds of, on Deposit with State Treasurer.*

1. Bonds deposited by a corporation with the State Treasurer in Columbus, in accordance with statutory requirements, remain the property of the corporation, and are taxable in the county where the owner resides.

2.  The residence of a foreign corporation, having its principal office in a county of this state, from which office all its business is transacted, is for purposes of taxation in such county.

The Facts Stated.

On tax-listing day in April, 1899, the defendant was the owner of $40,000 in municipal bonds, and in April, 1900, of $60,000, and in April, 1901, of $80,000 in municipal bonds. On these several tax-listing days the bonds named were on deposit with the Treasurer of the State of Ohio, where they have remained down to the present time, the $40,000 and the $60,000 having been deposited by the company under the provisions of the act of April 25, 1898 (93 O. L., 401), and the $80,000 having been deposited under the act of April 14, 1900 (94 O. L., 150). On tax-listing day in April, 1901, the defendant company had passed into the hands of receivers, a judgment of ouster having been pronounced against it by the Supreme Court, and there was in the possession of the receivers on that day $23,600 in bonds. None of the bonds in the hands of the State Treasurer were returned for taxation by any one at any time or place. The defendant company was a corporation organized under the laws of the state of West Virginia, for the sole purpose of doing business in Ohio. Its articles of incorporation named Cincinnati, Hamilton county, Ohio, as its principal place of business. Its directors and executive officers and probably all of its stockholders were residents of Cincinnati, its home office was there, its stockholders' meetings were held there, all of its business was conducted there, and its property arose out of the business thus conducted. The present suit raised the question whether the bonds on deposit with the State Treasurer are taxable in Ohio, and if so, should they be listed in Columbus (Franklin county), or in Cincinnati (Hamilton county)?

Mr. A. B. Benedict, representing the Treasurer of Hamilton County, cited in support of the proposition that these bonds are taxable in Ohio: Hubbard v. Brush, 61 O. S., 252 (1899).

The place where personal property shall be listed, Mr. Benedict contended is purely a matter of the construction to be given to Section 2735, R. S. of Ohio, and cited: Pelton v. Transportation Co., 37 O. S., 450; British Commercial Life Insurance Co. v. Commissioners of Taxation and Assessment of New York, 31 N. Y., 32;

28 Howard's Practice, 43; Pomroy Salt Co. v. Davis, 21 O. S., 555; Worthington v. Sabastian, Treasurer, 25 O. S., 1; Sommers v. Boyd, 48 O. S., 648; McNeill, Assignee, v. Hagerty, 51 O. S., 266; Bispham on Trusts, Sec. 20 and Sec. 40; State International Life Insurance Co. v. Haight, Collector, 35 N. J. Law, 279.

The State Treasurer does not hold as a trustee, but as a depositary or pledgee. But it is the pledger of stock who is taxable: Ratterman v. Ingalls, 48 O. S., 468; so also the mortgagor: Corrigan v. Kimberly, 36 Bull., 331, affirmed by the Supreme Court without report. The situs of intangible property is not at the corporate residence: Augusta v. Earle, 13 Peter, 519. A corporation excluded from Ohio may have property in Ohio: State v. Pohlmeyer, 59 O. S., 491; and the fact that the property was acquired illegally does not affect the question of its taxability: Salt Lake City v. Hollister, 118 U. S., 256; Stevenson v. Hunter, 2 Nisi Prius, 300. Nor are debts deductable from bonds or stocks: Payne v. Watterson, 37 O. S., 121.

Dyer, Williams & Stouffer, representing Franklin county, cited, Hubbard, Treasurer, v. Brush, 61 O. S., 252 at 263, in support of the contention that the residence of a corporation is within the state by whose authority it was created; and also: B. & O. Ry. v. Cary, 28 O. S., 208; Bridge Co. v. Mayer, 31 O. S., 317; 25 Am. & Eng. Ency. of Law (1st Ed.), 146.

But in the eye of the law personal property has no locality, but is taxed where it is found: The Ferry Co. case, 11 Wall., 423; Catlin v. Hull, 21 Vt., 152; R. R. Co. v. Pennsylvania, 15 Wall., 300; Walker v. Jack, 40 W. L. B., 237; Western Assurance Co. v. Halliday, 45 W. L. B., 437; Waples on Debtor and Creditor, Sec. 97; Burroughs on Taxation, Sec. 45; Judson on Taxation, Sec. 394; New Orleans Stempel, 175 U. S., 309; Buck v. Miller, 147 Ind., 586.

The State Treasurer in receiving such deposits acts as trustee: State, ex rel, v. Matthews, 64 O. S., 419; Falkenbach v. Patterson, 43 O. S., 359; State, ex rel, v. Investment Co., 64 O. S., 283; Relfe v. Rundel, 103 U. S., 222; State v. Irons, 5 Vroom, 464, quoted with approval in State v. Grover, Collector, 37 N. J. L., 174; City of Detroit v. Lewis, 109 Mich., 105; Latrobe v. Balti-

.more, 19 Md., 13; Beech on Trusts and Trustees, Sec. 415; Perry on Trusts, Sec. 331; Grant v. Jones, 39 O. S., 501; Sommers v. Boyd, Treasurer, 48 O. S., 648; Brown v. Noble, 42 O. S., 405; People v. Home Ins. Co. 29 Cal., 533; Finley v. Philadelphia, 32 Pa. St. R., 381; Hoyt v. Commissioner of Taxes, 23 N. Y., 232; Maltby v. Reading & Columbia R. R.. 55 Pa. St., 140; French, Treasurer, v. Bobe, Assignee, 64 O. S., ?23.

SWING, J.; JELKE, J., concurs.

This case is in this court on error to the judgment of the Court of Common Pleas of Hamilton County.

The Interstate Savings Investment Company was a corporation organized under the laws of the state of West Virginia. Its main office and principal place of business was, in fact and by the terms of its incorporation, to be in Cincinnati, Ohio. Under the acts of the Legislature of Ohio, passed April 25, 1898, 93 O. L., 401, and April 14, 1900, 94 O. L., 150, this corporation was required to deposit with the Treasurer of Ohio certain bonds. These provisions were complied with by the company, and the question now for our consideration is, where these bonds should pay taxes.

It is admitted that under the decision of our Supreme Court these bonds are taxable in Ohio. It is claimed that these bonds should be returned for taxation by the Treasurer of State in the county where the safe of the Treasurer of the State is, and where these bonds are required to be kept, which is in Franklin county. On the other hand it is claimed that the bonds should pay taxes in Hamilton county, in which county the principal office and main place of business is located.

The court of common pleas held that the bonds were taxable in Hamilton county. We think the judgment of the court was right as to this.

We are clearly of the opinion that the bonds required by law to be deposited with the Treasurer of State, do not in any sense constitute him a trustee or owner in any sense. He has no right or control over these bonds, and not a particle of interest in them either as to principal or interest except as an officer of the state and as the custodian of them. The bonds are the property of the corporation, just as much after they are deposited with the State

Treasurer as they were before.  It is true they may be applied in the payment of the debts of the corporation at the instance of the creditors of the corporation, but this necessarily goes on the principle that the bonds belong to the corporation.  The law does not contemplate, in the least, that any kind of ownership or title to these bonds should invest in the Treasurer of State.  He is simply an officer of the state to keep in the safe used by him as treasurer, these bonds.  He can not keep these bonds any other place.  The bonds remained at all times the property of the company, and must be listed by it for taxation, under Section 2735, R. S., at the place where the owner resides.  The owner, in this case, is the corporation, and its residence for taxation is Cincinnati, Hamilton county, Ohio.  37 O. S., 450.

The fact that the corporation was ousted from its rights to do business in Ohio did not have the effect to take away its property. The bonds and property belonging to the corporation still remained its property, and was still liable to pay taxes at the same place, as long as any property remained.

The judgment of the court of common pleas will be modified accordingly.

*Dyer, Williams & Stouffer,* for the Treasurer of Franklin County, plaintiff in error.

*A. B. Benedict,* for the Treasurer of Hamilton County.

*J. E. Todd* and *Wade Cushing,* for Isaac B. Cameron, Treasurer of the State of Ohio.

---

## THE NECESSARY INDICIA OF AUTHORITY UPON THE PART OF AN AGENT.